Jorge Quintana
Special Assistant Attorney General
Chief Legal Counsel
Montana Secretary of State's Office
P.O. Box 202801
Helena, MT 59620-2801
Email: jquintana@mt.gov
Telephone: (406) 444-5375
Fax: (406) 444-4249

COUNSEL FOR DEFENDANT SECRETARY OF STATE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| MARK WANDERING MEDICINE, HUGH CLUB FOOT, LENARD ELK SHOULDER, CHARLES BEAR COMES OUT, WINFIELD RUSSELL, JAMES DAY CHILD, WOODROW BRIEN, SARAH STRAY CALF, MARTY OTHER BULL, NEWLYN LITTLE OWL, DONOVAN ARCHAMBAULT, ED MOORE, PATTY QUISNO, MICHAEL D. FOX, FRANK JEFFERSON and PHYLLIS POND CULBERTSON,<br>Plaintiffs,<br>v.<br><br>LINDA MCCULLOCH in her official capacity as MONTANA SECRETARY OF STATE, GERALDINE CUSTER, in her official capacity of ROSEBUD COUNTY CLERK AND RECORDER, ROSEBUD COUNTY, | Case No. CV 12-135-BLG<br><br>**DEFENDANT SECRETARY OF STATE'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

ROBERT E. LEE, DOUGLAS D. MARTENS, and DANIEL M. SIOUX, in their official capacity as members of the County Board of Commissioners for Rosebud County, Montana, SANDRA L. BOARDMAN, in her official capacity of BLAINE COUNTY CLERK AND RECORDER, BLAINE COUNTY, CHARLIE KULBECK, M. DELORES PLUMMAGE and FRANK DEPRIEST in their official capacity as members of the County Board of Commissioners for Blaine County, Montana, DULCE BEAR DON'T WALK, in her official capacity of BIG HORN COUNTY ELECTION ADMINISTRATOR, BIG HORN COUNTY, SIDNEY FITZPATRICK, JR., CHAD FENNER, JOHN PRETTY ON TOP, in their official capacity as members of the County Board of Commissioners for Big Horn County, Montana, and KIMBERLY YARLOTT, in her official capacity of BIG HORN COUNTY CLERK AND RECORDER, BIG HORN COUNTY,

Defendants.

By Motion filed October 24, 2012, Defendant Linda McCulloch in her official capacity as Montana Secretary of State, hereinafter Secretary of State, has moved pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the Complaint of Mark Wandering Medicine, et al. This brief supports that Motion.

## INTRODUCTION

Plaintiffs' Complaint alleges that the failure of the Defendants to establish satellite county clerk and recorder offices in Lame Deer, MT, Crow Agency, MT, and Fort Belknap, MT, violates the U.S. Constitution, the Montana Constitution and Section 2 of the Voting Rights Act. (42 U.S.C. §1971)(Compl . ¶ 2.) They "seek declaratory and injunctive relief, both temporary and permanent, prohibiting the Defendants from failing to establish a satellite office location in Lame Deer, Crow Agency, and Fort Belknap." (Compl . ¶ 4.) Plaintiffs allege violations of the 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983, the Montana Constitution, and the Voting Rights Act of 1965. (Compl . ¶¶ 155-163.) They seek the relief of having the Defendants "establish satellite office locations where voters may register to vote and vote in-person absentee…." (Compl ., Prayer for Relief ¶ 3.)

The Court should dismiss this case against Defendant Secretary of State as Plaintiffs fail to state a claim for relief as to the alleged violations. The Secretary of State simply does not have the statutory authority to grant the relief sought by the Plaintiffs as she does not have any authority to establish or prevent the establishment of satellite county clerk and recorder offices. Additionally, this Court lacks jurisdiction over the subject matter because the Plaintiffs lack standing to bring this action against Defendant Secretary of State.

## FACTUAL ALLEGATIONS

On a Rule 12(b)(6) motion to dismiss, the Court is required to assume the facts pleaded in the complaint are true. Thus, although the Secretary of State disputes a number of Plaintiffs' factual allegations, for purposes of this motion, the allegations in the complaint will be assumed as true.

Plaintiffs are enrolled members of the Northern Cheyenne, Crow, Gros Ventre, and Assiniboine Tribes. Plaintiffs are qualified voters of the State of Montana. (Compl . ¶ 1.)

Defendant Linda McCulloch serves as Montana's Secretary of State. (Compl. ¶ 28.) Pursuant to her duties enumerated in Mont. Code Ann. §§ 13-1-201 to 13-1-209, the Secretary of State is the chief election officer and it is her responsibility to obtain and maintain uniformity in the application, operation, and interpretation of the election laws…." The Secretary of State lacks the statutory authority to either open or run satellite election offices. Other Defendants include counties, county commissioners, and election administrators in Montana.

On August 28, 2012, the Secretary of State, after conferring with local election administrators, issued an Election Advisory on the topic of satellite offices. (Plaintiffs' Complaint, Exh. 9.)

Following the issuance of that advisory, commissioners of the defendant counties discussed and voted against establishing satellite offices.

## ARGUMENT

### I. Legal Standard Applicable to Rule 12(b) Motions.

#### A. Rule 12(b)(6).

Under Fed. R. Civ. P. 12(b)(6), a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. A Rule 12 (b)(6) dismissal may be based on either a "lack of a cognizable legal theory or the absence of the sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare System, LP*, 534 F. 3d 1116, 1121-22 (9th Cir. 2008) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citations and quotations omitted).

The court accepts as true all material allegations in the complaint and construes the allegations in the complaint in the light most favorable to the plaintiff. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Id.* Therefore, the Court need not accept as true legal conclusions, conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, amended by 275 F.3d 1187 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B. Rule 12(b)(1).**

Rule 12(b)(1) allows a party to raise the defense that a court lacks jurisdiction over the subject matter of a claim.

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs.*, 594 F.2d 730, 733 (9th Cir. 1979) (citations omitted). In such cases, and similar to the standards applicable to Rule 12(b)(6) motions, the district court must accept the allegations of the complaint as true. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 1994).

Under the "case or controversy" requirement of Article III, Section 2 of the U.S. Constitution ," it is Plaintiffs' burden to show as an "irreducible minimum" the following three elements: (1) a concrete "injury in fact"; (2) a causal connection between the injury and defendant's conduct; (3) and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351, 364

(1992). These constitutional requirements are "rigorous." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475, 102 S. Ct. 752, 760, 70 L. Ed. 2d 700, 711 (1982). "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit. In that event, the suit should be dismissed under Rule 12(b)(1)." *Cetacean Cmty v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citations omitted).

Like with a Rule 12(b)(6) motion, courts accept as true all material allegations in the complaint, but, unlike with a Rule 12(b)(6) motion, the burden of proof on a Rule 12(b)(1) motion is on the party seeking to invoke the court's subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121-22 (9th Cir. 2010).

**1. Plaintiffs Fail to State a Claim for Relief.**

Plaintiffs sue the Secretary of State for failure to take actions that lie beyond the Secretary of State's duties and powers. The duties of the Secretary of State can generally be found in Article VI, § 4(3), Mont. Const., Mont. Code Ann. § 2-15-401, and Title 13, Mont. Code Ann. The Secretary of State does not have any constitutional or statutory authority to grant Plaintiffs the relief they seek as the Secretary of State can neither open nor prevent the opening of satellite offices.

The Secretary of State is the Chief Election Officer of the State. However, her authority extends only to the application, operation, and interpretation of Title 13, Mont. Code Ann., except for chapters 35, 36, and 37. The duties of the Secretary of State as Chief Election Officer can be found in Mont. Code Ann. § 13-1-201 which states as follows: "The secretary of state is the chief election officer of this state, and it is the secretary of state's responsibility to obtain and maintain uniformity in the application, operation, and interpretation of the election laws other than those in Title 13, chapter 35, 36, or 37."

The Secretary of State is authorized to advise and assist election administrators, but the purpose is only to assist election administrators in their duties and assure uniform procedures are used in all counties whenever possible. In carrying out her duties, the Secretary of State can issue directives, instructions, sample forms and advisory opinions. Mont. Code Ann. § 13-1-202.

Local election administration is under the purview of the county clerk and recorder of each county who is also designated as the election administrator for the county. "'Election administrator' means the county clerk and recorder or the individual designated by a county governing body to be responsible for all election administration duties…." Mont. Code Ann. § 13-1-101(9).

Plaintiffs correctly note:

> Montana law designates the Clerk and County Recorder as the county 'election administrator.' MONT. CODE ANN. §13-1-301(2). The Clerk is 'responsible for the administration of *all* procedures relating to registration of electors and conduct of elections.' MONT. CODE ANN. § 13-1-301(2) (emphasis added). *See also* 38 Op. Mont. Att'y Gen. 105 (1980) (*citing* MONT. CODE ANN. § 13-1-101 that gives the Clerk responsibility 'for *all* election administration duties') (emphasis in original).

(Compl. ¶ 51.)

Plaintiffs also correctly cite Mont. Code Ann. § 13-1-202 when they state that the Secretary of State's responsibilities include preparing written directives and instructions relating to and based on election laws and advisory opinions on the effect of election laws. (Compl. ¶ 51.) The Secretary of State met this duty by issuing an Election Advisory on the topic of satellite offices. (Plaintiffs' Complaint Exh. 9.)

The County Commissioners have the duty to supervise the official conduct of all county offices, including the office of the election administrator. Mont. Code Ann. § 7-4-2110. "A county's powers can only be exercised by the board of county commissioners or by agents and officers acting under their authority or authority of law." Mont. Code Ann. § 7-4-2104. The decision on whether or not to establish satellite offices does not belong to the Secretary of State but to the County with the approval of the county commissioners. (*See* Letter of Advice from Attorney General to Secretary of State, Plaintiffs' Complaint, Exh. 5.)

**2. Plaintiffs Lack Standing to Bring Claims Against Defendant Secretary of State.**

In this case the Plaintiffs cannot meet the heavy burden to establish standing as they can show neither a causal connection between the injury and Defendant Secretary of State's conduct nor a likelihood that the injury will be redressed by a favorable decision. The Court therefore lacks jurisdiction over the subject matter.

**a. The Secretary of State Did Not Cause the Alleged Injury.**

The Secretary of State, for the limited purposes of this Motion, will accept that the Plaintiffs have suffered an "injury in fact." The injury alleged in the Complaint is the Defendants' failure to establish satellite offices. As discussed above, the Secretary of State does not have the authority to open satellite offices. That authority rests entirely with the county acting through the county commissioners. According to the Complaint, the Secretary of State did not testify before the county commissioners nor does she have the power to vote on the establishment of satellite offices.

Plaintiffs' first Claim is a "Violation of the 14th Amendment of the United States Constitution and 42 U.S.C. §1983. Causation is an element of Section 1983 as well as standing. "In order for a person acting under color of state law to be liable under Section 1983 there must be a showing of personal participation in the alleged rights deprivation. *Jones v. Williams*, 297 F. 3d 930, 934 (9th Cir. 2002).

Thus, "[a] plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). There are no such allegations here.

Plaintiffs do not and cannot show that the Secretary of State can establish a satellite office. They do not and cannot cite to any Montana law that gives the Secretary of State the power of a local election administrator or of the county commissioners to approve the establishment of a satellite office.

**b. Plaintiffs Cannot Show a Likelihood That the Injury Will Be Redressed By a Favorable Decision.**

The duties of the Secretary of State include preparing and delivering election advisories to the local election administrators. Mont. Code Ann. § 13-1-202. Plaintiffs do not claim that any instruction in the Advisory directed the counties to either approve or disapprove the opening of satellite offices. The Plaintiffs have simply failed to allege any likelihood that a judgment against the Secretary of State would redress their alleged injury claimed at the local level.

As discussed above and in the Complaint, ¶ 51, "the election administrator is responsible for the administration of all procedures relating to registration of electors and conduct of elections." Mont. Code Ann. § 13-1-301(2). "Thus declaratory or injunctive relief against the [Secretary of State] cannot achieve the

desired goal of having [a satellite office] to correct the alleged unconstitutional conduct." *Eggar v. City of Livingston*, 40 F.3d 312, 317 (9th Cir. 1994).

## CONCLUSION

For the reasons stated above, Defendant Secretary of State respectfully requests that the Court grant this motion to dismiss and dismiss Plaintiffs' action against the Secretary of State with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted this 24th day of October, 2012.

/s/ Jorge Quintana
Attorney for Defendant Linda McCulloch
Special Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2) of United States District Court Rules for the District of Montana, I certify that the word count calculated by Microsoft Word is 2,243 words, excluding the caption and the certificates of service and compliance.

Respectfully submitted this 24th day of October, 2012

/s/ Jorge Quintana
Attorney for Defendant Secretary of State
Special Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2012, a true and accurate copy of the foregoing Brief in Support of Defendant Secretary of State's Motion to Dismiss was served on the following persons by the following means:

1, 2 CM/ECF
3, 4, 5, 6 E-mail

1 Terryl Matt
Terryl Matt Law Office
310 E. Main Street
Cut Bank, MT 59427
Email: terrylmatt@yahoo.com

2 Steven D. Sandven
Steven D. Sandven Law Office PC
300 North Dakota Avenue, Suite 106
Sioux Falls, SD 57104
Email: ssandvenlaw@aol.com

3 Sara Frankenstein
Gunderson , Palmer, Nelson & Ashmore LLP
506 Sixth Street
Rapid City, SD 57701
Email: sfrankenstein@gpnalaw.com

4 Michael Hayworth
Rosebud County Attorney
P.O. Box 69
Forsyth, MT 59327
Email: mhayworth@rosebudcountymt.com

5 Donald Ranstrom
Blaine County Attorney
P.O. Box 1567
Chinook, MT 59523
Email: dranstrom@co.blaine.mt.gov

6 Georgette Hogan
Big Horn County Attorney
P.O. Box 908
Hardin, MT 59034
Email: ghogan@co.bighorn.mt.us

/s/ Jorge Quintana
JORGE QUINTANA
Assistant Attorney General